Estate of Gustave R. Schaefer, Deceased.  Appeal of
Margaret Brecht and John M. Ruegenberg, Executors
of August F. Brecht, Deceased.

*Insurance—Life insurance—Insolvent debtor—Assignment for creditors,
—Act of April 17, 1843.*

Where a person insures his life in favor of his brother, but retains the
policy in his own custody and pays the premiums to the date of his death
and dies insolvent, and it appears that at about the date of the policy he
delivered to his brother a judgment note in the same amount as the policy,
and by a memorandum attached to the note he requests his brother whom
he styled trustee, to pay certain creditors, such creditors are entitled to
the proceeds of the policy as against the claims of the general creditors.

The Act of April 17, 1843, P. L. 273, prohibiting preferences in assign-
ments, applies only to assignments of property to which the debtor has a
right as owner, and over which he can exercise control; but when the title
of a beneficiary to an insurance policy exists by force of an original issue
in his name for his benefit, the statute does not apply.

Argued Jan. 4, 1900.  Appeal, No. 187, Jan. T., 1899, by
Margaret Brecht and John M. Ruegenberg, from decree of
O. C. Phila. Co., Oct. T., 1897, No. 80, overruling exceptions to
adjudication.  Before GREEN, C. J., McCOLLUM, MITCHELL,
DEAN, FELL, BROWN and MESTREZAT, JJ.  Affirmed.

Exceptions to adjudication.

The adjudication, after finding the debts due by decedent
aggregated $129,373.01, of which $41,070 is due appellants,
with assets of only $4,555.80, proceeded as follows :

Mr. Simpson asked that the accountant be surcharged with
the amount realized from certain policies of insurance on the
life of the decedent and made payable to his brother, the ac-
countant, amounting to $34,374.12.

The surcharge is admitted, the accountant waiving all claim
to the fund, but the question is raised whether it is to be ap-
plied to the payment of the creditors generally or only to cer-
tain preferred creditors.

It appeared that the testator had insured his life for the sum
of $45,000 (one policy of $10,000 has not yet been collected)
in the name of his brother, George J. Schaefer, the accountant.

There was nothing on the face of the policies to indicate any purpose for effecting this insurance, or the application of the proceeds in the event of death. He then made a judgment note for a like sum, dated January 7, 1897, payable one day after date "to the order of George J. Schaefer, trustee." To this judgment note he pinned a paper, on which he had written the names of his creditors to be preferred . . . .

The auditing judge is therefore of opinion that the proceeds of these insurance policies ought to be paid to the creditors whose names are on the list aforesaid, and it is so awarded.

ASHMAN, J., filed the following opinion on exceptions:

The decedent took out a policy of insurance for $45,000 on his own life, in favor of his brother, and at or immediately about its date, executed and delivered to the brother a judgment note in the same amount. By a memorandum attached to the note, he requested the brother, whom he styled trustee, to pay certain creditors the amounts of their respective claims in a sum total of $45,000. The decedent informed his brother that he had effected the insurance, but he retained the policy in his own custody, and paid the premiums up to the date of his death. He died insolvent. The point contended for at the hearing and overruled by the auditing judge was that this assignment inured, under the act of 1843, to the benefit of the general creditors. It was conceded that the policy of insurance was not a gambling policy, even if the brother had no insurable interest in the life of the assured. A man may do what he pleases with his own money, and if he chooses, out of respect or affection, and with no fraudulent end in view, to pay for a policy whose proceeds shall accrue to another, he may do it as freely as he may make a present gift of the money itself: Scott v. Dickson, 108 Pa. 6. The decedent did this; he reserved to himself no beneficial interest in the policy whatever; it was not an asset of his estate and, except with the consent of the beneficiary, he could not make it an asset in his lifetime or at his death. The case would have been different, and it is important to notice the distinction, if he had secured insurance on his life in his own name and had then assigned the policy. The assignment would have been a parting with his own property, and it would have been open to the opera-

tion of all the principles which determine the validity of assignments. But how can a man by any instrument or set of instruments assign what he never possessed, and never could have possessed? This is forcibly set out by GREEN, J., in McCutcheon's Appeal, 99 Pa. 137: "When the title of the beneficiary exists by force of an original issue in the name or for the benefit of the beneficiary, the title is good, notwithstanding the claims of creditors . . . . There is no anomaly in this, nor any conflict with the letter or spirit of the statute of Elizabeth, because in such cases the policy would be at no time the property of the assured, and hence no question of fraud in its transfer could arise as to his creditors. It is only in case of the assignment of a policy that once belonged to the assured that the question of fraud can arise." This was the point in Taylor & Co.'s Appeal, 75 Pa. 115, where the decedent had effected an insurance on his life and had afterwards assigned the policy to a trustee for his children. He never delivered the assignment nor apprised the trustee of its existence; it was held that the transfer was invalid, and that the proceeds of the policy belonged to the estate of the assured. The distinction we have alluded to is further illustrated in Elliott's Appeal, 50 Pa. 75.

The Act of April 17, 1843, P. L. 273, prohibiting preferences in assignments, declares that "all assignments of property in trust which shall hereinafter be made by debtors to trustees . . . . to prefer one or more creditors (except for wages), shall be held and construed to inure to the benefit of all the creditors." The only property of the decedent which entered into this transaction was the sum represented by the premiums. If they were paid by him when he was knowingly insolvent, they might perhaps be recovered from the trustee, because they were taken from the estate to which the general creditors had a right to look for payment; but the creditor's right ends here. It is beyond dispute that any assignment, however formal or however disguised under another shape, which seeks to create a preference by a failing debtor, comes under the ban of the act. It may be in form a lease, as in Lucas v. Railroad Co., 32 Pa. 458, or a power of attorney, as in Watson v. Bagaley, 12 Pa. 164, but it must be of property to which the debtor has a right as owner, and over which he

can exercise control. In the subject-matter of this policy, however, the decedent had no ownership whatever. The exceptions are dismissed.

*Error assigned* was the decree of the court.

*Alex. Simpson, Jr.*, of *Simpson & Brown*, with him *F. L. Breitinger*, for appellants.—Wherever there is a property, a trustee, a trust, and creditors of any insolvent who are to take under it, the instrument is a voluntary assignment for the benefit of creditors, whatever its form, and no inversion of language can defeat the operation of the law: Lucas v. Sunbury & Erie R. R. Co., 32 Pa. 458; Bittenbender v. Sunbury & Erie R. R. Co., 40 Pa. 269; Wallace v. Wainwright, 87 Pa. 266; Mann, Moon & Co. v. Wakefield, 179 Pa. 398; Watson v. Bagaley, 12 Pa. 164; Fox v. Curtis, 176 Pa. 52.

The contention, therefore, that the assignment for the benefit of creditors referred to in the acts of assembly is a technical instrument to that effect, of necessity fails.

The fact that the judgment note was drawn to appellee as trustee, and the policy to him individually, did not make him an individual debtor within the purview of the assignment acts: Dickson & Co.'s Assigned Est., 166 Pa. 134; Walsh v. Kennedy, 2 W. N. C. 437; Kern's Est., 171 Pa. 55; Hurd v. Doty, 21 Law. Rep. Ann. 746.

It is not correct to say that because the testator could have taken out separate policies in favor of separate creditors that, therefore, he can conjoin them in the name of a trustee for all the creditors: Chaffees v. Risk, 24 Pa. 432.

Delivery was necessary to complete the right of the preferred creditors: Elliott's App., 50 Pa. 75; Trough's Est., 75 Pa. 115; Scott v. Dickson, 108 Pa. 6; Williams's App., 106 Pa. 116; Appeal of Waynesburg College, 111 Pa. 130.

The rights of the special creditors being thus disposed of, we have a fund created by the testator, in the hands of his executor, who disclaims all personal interest in it, and hence it must go to the general creditors of the testator: Bull's App., 24 Pa. 286; Linsenbigler v. Gourley, 56 Pa. 166; Phillips v. Allegheny Valley R. R. Co., 107 Pa. 465; Huey v. Prince, 187 Pa. 151.

The argument thus made excludes from consideration the question of insurable interest, the authorities as to which are conflicting. The better rule would seem to be that as between brothers, the test lies in the determination of the question whether one has a reasonable ground to except a benefit or advantage from the continuance of the insured life: Corson's App., 113 Pa. 445; United Brethern Mut. Aid Society v. McDonald, 122 Pa. 324; Lord v. Dall, 12 Mass. 115; Carpenter v. U. S. Life Ins. Co., 161 Pa. 9.

*John G. Johnson*, with him *J. Joseph Murphy*, for appellee. —The execution of an insurance policy payable to a trustee of certain of the creditors of the person whose life is insured, and the delivery of the same to the latter, does not constitute an assignment for the benefit of creditors: Lucas v. Sunbury & Erie R. R. Co., 32 Pa. 458; Wallace v. Wainwright, 87 Pa. 266; Mann, Moon & Co. v. Wakefield, 179 Pa. 398; Dickson & Co.'s Assigned Est., 166 Pa. 134; Ridgway v. Stewart, 4 W. & S. 383; Manufacturers' & Mechanics' Bank v. Bank of Pennsylvania, 7 W. & S. 335; Fallon's App., 42 Pa. 235; Beans v. Bullitt, 57 Pa. 221; Taylor v. Cornelius, 60 Pa. 187; Lockhart v. Stevenson, 61 Pa. 64; Gilmore v. Carnahan, 81* Pa. 217; Johnson's App., 103 Pa. 373; Boyd v. Smith, 128 Pa. 205.

In the present case the transaction was in effect an issuance of the policies to George J. Schaefer, as trustee for the creditors of Gustave R. Schaefer, named in the attached slip: Scott v. Dickson, 108 Pa. 6.

George J. Schaefer, as trustee for the named creditors of Gustave R. Schaefer, possessed an insurable interest in the life of the latter.

Per Curiam, January 29, 1900:

In this case the decree is affirmed on the opinion of the learned court below.