Assignment of Error—Opinion of the Court.   [256 Pa.

ham Epstein discloses the fact that hè had access to the place of business and knew what goods were in the place.

10. The bill must be dismissed with costs.

The court dismissed the bill.   Plaintiff appealed.

*Error assigned,* inter alia, was the dismissal of the bill.

*George P. Rich,* with him *Albert L. Moise,* for appellant.

*Alex. Simpson, Jr.,* with him *Clinton O. Mayer,* for appellee.

PER CURIAM, February 26, 1917:

This appeal is dismissed on the facts found and the legal conclusions reached by the learned chancellor below.

Decree affirmed at appellant's costs.

---

# Weil, Appellant, *v.* Marquis.

*Decedents' estates—Bankruptcy—Insurance policies—Rights of creditors—Power of decedent to change beneficiary—Acts of April 15, 1868, P. L. 103; May 1, 1876, P. L. 53; June 1, 1911, P. L. 581, and May 5, 1915, P. L. 253.*

1. In an action of assumpsit for money had and received to plaintiffs' use it appeared from the statement of claim and affidavit of defense that plaintiff was administratrix of a decedent who died in 1914 intestate and insolvent, that decedent had taken out sundry life insurance policies payable to his wife, with the right of the insured to change the beneficiary; that decedent died without having exercised such right and that his widow collected the insurance money which amounted to much less than his debts. Plaintiff contended that she was entitled to recover from the widow what the latter had received from the insurance companies, and asked judgment for want of a sufficient affidavit of defense for either the amount of the proceeds collected on the policies or the amount of their surrender value immediately before the death of the insured. *Held,* the court properly discharged the rule.

2. In such case the disposition of the proceeds of the policies was governed by the Act of April 15, 1868, P. L. 103, providing in effect that insurance money payable to the wife and children of an insured should be free from the claims of creditors and the Acts of May 1, 1876, P. L. 53; June 1, 1911, P. L. 581, and May 5, 1915, P. L. 253, did not apply.

Argued Jan. 24, 1917.   Appeal, No. 318, Jan. T., 1916, by plaintiff, from order of C. P. No. 4, Philadelphia Co., March T., 1916, No. 1720, discharging rule for judgment for want of sufficient affidavit of defense in case of Nita M. Weil, Administratrix of the Estate of Abraham Marquis, Deceased, v. Jeanette A. Marquis.   Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Assumpsit for money had and received.

Rule for judgment for want of sufficient affidavit of defense.

The facts appear in the following opinion by AUDENRIED, P. J.:

Abraham Marquis died August 14, 1914, intestate and insolvent. He had taken out sundry policies of insurance upon his life, each of which was made payable to the defendant, his wife, subject, however, to the provision that he might change the beneficiary thereunder. He died without having exercised that right, and his widow collected the money payable on these policies, which amounted to much less than his debts. Letters of administration upon the estate of Marquis have been granted to the plaintiff, who has brought this action against his  widow to recover, what the latter received from the insurance companies.

Upon these facts, which are not denied by the defendant, the plaintiff asks judgment for either the amount of the proceeds collected on the policies or the amount of their surrender value immediately before the death of the insured, both amounts being ascertainable from the affidavit of defense.

As to the first question discussed by counsel, we have no doubt. While an executor or administrator, as the mere personal representative of a decedent, can take no step to set aside for the benefit of heirs, next of kin, legatees or devisees, the fraudulent transactions of the deceased, his right to do so for the benefit of the creditors, whose trustee he is, has long been recognized in this State, Chester County Trust Co. v. Pugh, 241 Pa. 124. A transfer of property in fraud of creditors is a nullity as against the interests attempted to be defrauded; and after the death of the transferror, an action is maintainable by his administrator, as their trustee for the recovery of as much of the property so transferred as may be needed for the payment of their just claims: Buehler v. Gloninger, 2 Watts 226; Stewart v. Kearney, 6 Watts 453. While the statement of claim does not allege actual fraud in the dealings of the defendant with her husband in respect to the policies of insurance procured by the latter upon his life, it is argued that the facts above mentioned make out a case of constructive fraud. We think that, if this contention can be sustained, the right of the plaintiff to a recovery against the defendant is clear.

Several acts of assembly have been referred to by counsel as bearing on the matter before the court, and our next inquiry, therefore, is whether these have any application to the case.

The most recent legislation on the subject of life insurance policies such as those referred to in the plaintiff's statement is the Act of May 5, 1915, P. L. 253. By its terms this statute relates to policies of life insurance "which have heretofore or which shall hereafter be taken out for the benefit of or assigned to the wife or children or any other relative dependent upon" the person whose life is insured. Grammatically, the use of the perfect tense of the verb in the clause "which have heretofore (been) taken out" seems to imply that the policies therein referred to were existing policies that had not, when the act became effective, matured and been paid.

If this clause were construed to embrace all policies that had been issued prior to the passage of the act, thus including those with respect to whose proceeds rights had already vested, the act, to that extent, would violate both Section 17 of Article I of the Constitution of Pennsylvania and clause 1 of Section 10, Article I, of the Constitution of the United States, since it would impair the obligation of contract by depriving creditors of their remedy, an impediment, in the shape of an exemption which did not exist when their debts were contracted, being placed in the way of collecting them: Penrose v. Erie Canal Co., 56 Pa. 46; Edwards v. Kearzey, 96 U. S. 595; Kener v. Le Grange Mills, 231 U. S. 215. We are of opinion, therefore, that this act does not affect the case before us.

Nor does Section 25 of the Act of May 1, 1876, P. L. 53, apply. The provisions of that section are expressly confined to policies issued by companies incorporated under the act of which it forms a part. It does not appear, and the court cannot assume, that the insurance companies that issued the policies referred to in this case were so incorporated.

Section 27 of the Act of June 1, 1911, P. L. 581, provides as follows: "A policy of insurance issued by any company, heretofore or hereafter incorporated, on the life of any person, expressed to be for the benefit of any married woman, whether procured by herself, her husband, or any other person, shall inure to her separate use and benefit and that of her children, independently of her husband or his creditors, or the person effecting the same or his creditors. If the premium is paid by any person with intent to defraud his creditors, an amount equal to the premium so paid, with interest thereon, shall inure to their benefit." Unless this enactment is held to be retrospective in its operation it does not apply to the policies involved in this case. The last of these to be issued was taken out more than nine months before it became a law. But the act is not, in this respect, retro-

active.   The use of the present tense of the verb in the conditional part of the second sentence of the section quoted plainly indicates that no reference to policies previously issued is intended; and, if its language were otherwise, no effect could be given to it, so far as concerns such policies, for the same constitutional reasons that are referred to above in discussing the Act of May 5, 1915.   Moreover, even if it was intended to change the law as to the rights of creditors in respect to policies of life insurance theretofore issued, notice of such an intention is wholly lacking in the title of the act; and the attempt to make such a change was, therefore, futile; Section 3, Article III, Constitution of Pennsylvania.   When the subject expressed in the title of an act is not broad enough to cover all its provisions, such parts of the act as are not within the purview of the title are void: Hatfield v. Com., 120 Pa. 395; Potter County Water Co. v. Austin Borough, 206 Pa. 297.

So far as our examination of the acts of assembly goes, the only legislation that bears upon the question involved in these rules is Section 1 of the Act of April 15, 1868, P. L. 103.   This reads as follows: "All policies of life insurance, or annuities upon the life of any person, which may hereafter mature, and which have been or shall be taken out for the benefit of or bona fide assigned to the wife or children or any relative dependent upon such person, shall be vested in such wife or children or other relative, full and clear of all claims of the creditors of such person."

It is conceded by the plaintiff that, if the policies in question were within the scope of this act, judgment must be entered in favor of the defendant.   It is contended, however, that they do not fall within either of the two classes of policies which the statute was intended to protect from the creditors of the person who has taken them out and paid their premiums.

From the affidavit of defense it is impossible to determine how the policies whose proceeds are in dispute

were originally issued. All that appears is that the defendant was, prior to the death of her husband, the beneficiary thereunder, and that he had the right to appoint another as beneficiary in her place.

It is argued on behalf of the plaintiff that, if the policies when originally issued were made payable to the defendant subject to the condition that her husband should not designate some other person as payee of their proceeds, they were taken out by him for his own benefit and not for hers; and that consequently the case does not fall within the first of the two categories embraced by the act. It is further argued that, if the policies were issued in the name of the insured, they are not within the second class to which the act refers, because the wife took no interest in them under the subsequent assignment thereof to her, the reservation to the insured of the right to change the beneficiary securing full control of the policies to him and leaving him, therefore, their real owner.

Although the policy of the law, even where the rights of creditors may be adversely affected, favors the wife to whom her husband has attempted to secure the benefit of insurance upon his life: Kulp v. March, 181 Pa. 627, the argument of the plaintiff thus summarized is of great weight, and, if the creditors had attempted to reach the policies during the lifetime of the insured, we can see no reason why they should not have been successful: In re Herr (No. 2), 182 Fed. Repr. 716; In re Jamison Bros. & Co., 222 Fed. Repr. 92; In re Shoemaker, 225 Fed. Repr. 329.

Nevertheless, the facts presented by this case differ in a very important point from those involved in the bankruptcy cases to which reference has been made. Here the insured is no longer living. He had, it is true, reserved to himself under his insurance contracts the option of letting them inure to the benefit of his wife or appointing some other beneficiary in her stead. This he might have exercised whenever he saw fit during his life;

but it ended at the very instant of his death. It did not survive him; see MacDonald, Exrx., v. Columbian National Life Insurance Co., 253 Pa. 239. The moment he breathed his last the happening of the condition subsequent which might have divested the defendant's rights in the policies became impossible. If up to that time her interest in the policies amounted to nothing more than a bare expectancy, that expectancy then ripened and her interest in the policies and their proceeds immediately became a vested one.

Thus the air was cleared; and the position of the creditors became forthwith what it would have been if, when the policies were originally issued or subsequently assigned to her, no right to change their beneficiary had been reserved by the insured. Setting aside the question of fraud, any right that the creditors of Marquis or their representative had to object to the statute as a bar to the appropriation of the policies of insurance on his life payable to his wife to the discharge of their claims against him rested solely on the ground that he still held a control over them equivalent to ownership. That foundation has slipped away. As the case now stands, the disposition of the proceeds of the policies is governed by the Act of April 15, 1868.

If the defendant's rights as beneficiary resulted from the assignment of the policies to her by her husband, it would, of course, be possible to attack them, under the Act of 13 Eliz. C. S., on the ground of fraud. The Act of 1868 protects such assignments only when bona fide. Although the assignment in this case, if there was an assignment, was made by an insolvent to his wife, with a reservation of power to control the disposition of the policies as he pleased, the court cannot declare the transaction, however suspicious it may be, fraudulent per se. The statement of claim raises no question of fraud in fact; but if fraud were alleged, the question of the good faith of the defendant and her husband would necessarily take the case to the jury, to whose province such

questions peculiarly appertain: Sebring v. Brickly, 7 Pa. Superior Ct. 198.

The court discharged the rule for judgment. Plaintiff appealed.

*Error assigned* was in refusing to make absolute the rule for judgment.

*Morris Wolf,* with him *Horace Stern,* for appellant.

*Hampton L. Carson,* with him *Joseph Carson,* for appellee.

PER CURIAM, February 26, 1917:

This appeal is dismissed on the opinion of the learned president judge of the court below discharging the rules for judgment for want of a sufficient affidavit of defense.

---

## Clearkin, Appellant, *v.* Taheny.

*Equity—Partnership—Bill for accounting and dissolution.*

In a suit in equity for the dissolution of a partnership a decree vesting the partnership property absolutely in one partner was proper where it appeared that the other partner had no further interest in the assets and was fully protected by the decree against all claims of any unpaid creditors.

Argued Jan. 24, 1917. Appeal, No. 331, Jan. T., 1916, by plaintiff, from decree of C. P. No. 3, Philadelphia Co., Dec. T., 1912, No. 5505, on bill in equity for the dissolution of a partnership in case of Patrick Clearkin v. Dominick Taheny. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for the dissolution of partnership and for an accounting. Before FERGUSON, J.