Potter Title and Trust Company, Admr., Appellant,
v. Fidelity Trust Company, Trustee, et al.

Argued October 4, 1934. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*M. J. Hosack,* for appellant.

*Austin L. George* and *Park J. Alexander,* for appellee,
were not heard.

PER CURIAM, November 26, 1934:

Blythe S. Weddell died October 12, 1931, leaving to survive him his wife and one daughter. During his lifetime, between October 11, 1923, and February 5, 1930, he had taken out eight policies of life insurance aggregating in amount $27,000, of which sum his wife was named as beneficiary to the extent of $22,500 and his daughter $4,500. On October 7, 1931, the insured executed an insurance trust agreement covering the entire eight insurance policies, in which he named the Fidelity Trust Company of Pittsburgh trustee, and provided therein that, in the event of his death, the trustee should collect the proceeds of the eight policies and administer the fund for the suitable maintenance and support of his wife and daughter. Subsequent to the death of the insured, plaintiff, as his administrator c. t. a., filed the bill in this case, to have the insurance trust declared void and the proceeds payable under the several policies turned over to plaintiff for the benefit of decedent's creditors. The court found as a fact, upon ample evidence, that the insured was insolvent at the time of executing the insurance trust agreement and had been for a considerable time previous thereto. The question for determination is whether or not the execution of the trust agreement by the insolvent insured was in fraud of his creditors. We agree with the lower court that the agreement was not unlawful nor a fraud upon the creditors of insured, and that the bill should be dismissed.

The wife and children of every man have an insurable interest in his life, and the law has always looked with favor on life insurance contracts made for their comfort and maintenance. From our earliest cases down to the present day this court has upheld and encouraged such provisions and protected them from claims of creditors: Stutzman, Admr., v. Fidelity Ins. Co., 315 Pa. 47, 49. In addition, the legislature has enacted laws for the protection of the wife and children, as benefi-

ciaries of life insurance policies, from claims of creditors of the insured (Acts of April 15, 1868, P. L. 103, and June 28, 1923, P. L. 884), and this benefit inures to them whether the insured was solvent or insolvent, or had reserved the right to change the beneficiary: Schaeffer's Est., 194 Pa. 420; Irving Bank v. Alexander, 280 Pa. 466. In the present case no change of beneficiary was made by the insured, the persons named in the trust agreement being the same as those named in the policies of insurance, with the exception that a sister of insured is made a contingent beneficiary at the death of the wife and daughter. The creditors have no right to the fund created by the insured's death and the bill was properly dismissed.

The decree is affirmed at appellant's cost.