**BOWERS et ux. v. REINHARD.**

No. 5739.

Circuit Court of Appeals, Third Circuit.

July 12, 1935.

Edwin K. Kline, of Allentown, Pa., for appellants.

---

[4] Ferguson v. Forstmann (C. C. A. 3) 25 F.(2d) 47; Buckley v. Commissioner (C. C. A. 2) 66 F.(2d) 394; Hart v. Commissioner (C. C. A. 1) 54 F.(2d) 848.

Henry L. Snyder and Julius M. Rapoport, both of Allentown, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania. Mark T. Bowers, the appellant, became a bankrupt in 1933. His trustee in bankruptcy took possession of three contracts between Bowers and the Equitable Life Assurance Society of the United States. Bowers and his wife petitioned for the return of the contracts on the ground that they were exempt from claims of creditors under the provisions of the Pennsylvania Act of June 28, 1923, P. L. 884, § 1 (40 PS Pa. § 517). The referee directed the trustee in bankruptcy to deliver the contracts to Bowers. The District Court reversed the order of the referee.

In 1931 Bowers purchased two of the contracts in suit; the first for the sum of $1,000, and the second for $5,000. In 1932 he purchased the third contract for the sum of $12,000. Except for the dates and amounts, the contracts are identical. They are designated "single premium retirement annuity" contracts. They provide that Bowers should receive a monthly annuity at the age of sixty-five for the remainder of his life; that he should have the option to surrender the policy and receive the cash value; and that at any time he should have the right to change the beneficiary or to assign the contract. The refund clauses of the contracts provide that, if Bowers should die before the first payment, his wife would receive the death benefits in an amount to be determined in accordance with an agreed schedule; if, at the death of Bowers, no designated beneficiary were living and the contracts had not been surrendered or assigned, the benefits would be paid to his children or, in the absence of children, to his executor or administrator; and if Bowers should fail to make an election during his lifetime and were survived by his wife, she might designate the person to whom any amount remaining unpaid at her death should be paid.

The Pennsylvania Act of June 28, 1923, supra, provides that: "The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person, heretofore or hereafter made for the benefit of or assigned to the wife or children or dependent relative of such person, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after the passage of this act, whether or not the right to change the named beneficiary is reserved by or permitted to such person."

The three contracts in suit are exempt under the above act if they are life insurance contracts for the benefit of the wife or annuity contracts for the benefit of the wife. Although the District Court concluded that they were annuity contracts, it held that they were for the sole benefit of the annuitant and not for the benefit of the wife and were, therefore, not within the exemption provisions of the act. We agree, without further discussion, that the contracts are annuity contracts. We do not agree, however, that they are for the sole benefit of the annuitant. We think it clear that where, as in this case, the wife is named beneficiary, the contract is "made for the benefit" of the wife. The character of the contract is not altered by the fact that Bowers had the option to change the beneficiary, since the act specifically provides that the policy shall be exempt from all claims of creditors, "whether or not the right to change the named beneficiary is reserved by or permitted to such person." This court has had occasion to construe the act when applied to life insurance policies. In Dussoulas v. Lang (C. C. A.) 24 F.(2d) 254, affirming In re Lang (D. C.) 20 F.(2d) 236, we held that the policy in suit was a life insurance policy for the benefit of the insured's wife, since she was the named beneficiary, even though the insured had the option to change the beneficiary. We think the same reasoning applies to annuity contracts.

The fact that the wife's right to collect on the contracts may be divested by the happening of certain contingencies (such as the maturity of the contracts upon the annuitant's surviving to the age of sixty-five, or the exercise by the annuitant of his right to receive the cash surrender value, or the death of the wife prior to that of the annuitant) is not sufficient to alter the character of the policy. It is undisputed that, if any one of these contingencies were to occur in an endowment contract, in which the wife is named beneficiary, it would still be a policy made for the benefit of the wife and would, therefore, be within the provisions of the act. We see no valid

ground for a different ruling in cases involving annuity contracts. We think the District Court erred.

The decree is reversed, with directions that the order of the referee be affirmed.