**KYLE, Acting Collector of Internal Revenue, v. McGUIRK.**

**No. 5784.**

Circuit Court of Appeals, Third Circuit.

Feb. 13, 1936.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Arthur P. Curran, Sp. Assts. to the Atty. Gen., and Charles D. McAvoy, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for appellant.

Charles E. Kenworthey and Evans, Bayard & Frick, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal by Kyle, acting collector of internal revenue, hereinafter referred to as the collector, from a decree of the District Court for the Eastern District of Pennsylvania. The collector imposed a lien for taxes against John J. McGuirk for $3,648.82. McGuirk was the assured in a standard contract of life insurance of which his wife, the appellee herein, was beneficiary. The assured had the right to change the beneficiary, to borrow on the policy, and to receive the cash surrender value. The collector issued a warrant of distraint directing that a levy be made on the property rights of McGuirk in the policy. The warrant was served upon the insurance company which had issued the policy to McGuirk, to recover the value of the policy. The appellee filed a petition in the District Court praying that the warrant of distraint be vacated upon the ground that under the laws of the state of Pennsylvania no distraint to satisfy creditors of an assured can be made upon a policy of insurance payable to the wife of the assured.

The Pennsylvania Act of June 28, 1923, P.L. 884 (40 P.S.Pa. § 517) upon which the appellee relies provides that: "The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person, heretofore or hereafter made for the benefit of or assigned to the wife or children or dependent relative of such person, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after the passage of this act, whether or not the right to change the named beneficiary is reserved by or permitted to such person." The District Court held that the act applied and entered a decree quashing the warrant of distraint. The collector appealed. He questions the jurisdiction of the District Court to enter the decree, and contends that the warrant of distraint was valid and enforceable.

█ The distraint is clearly nonenforceable if the state exemption act cited above applies. We find no authority for applying the act. As was said by the Tenth Circuit in Cannon v. Nicholas (C.C.A.) 80 F.(2d) 934, 935: "State exemption laws, ex proprio vigore, do not apply. Fink v. O'Neil, 106 U.S. 272, 1 S.Ct. 325, 27 L.Ed. 196. Congress has not in the revenue laws, as it did in bankruptcy, recognized state exemption statutes; nor has it exempted either annuity contracts or life insurance policies." Our attention has been directed to the fact that in Bowers v. Reinhard, 78 F.(2d) 776, we applied the state exemption statute. It may be noted, however, that section 6 of the Bankruptcy Act (11 U.S.C.A. § 24) specifically provides that state exemption laws are applicable in bankruptcy. The assured in Bowers v. Reinhard, supra, was a bankrupt, whereas the assured in the instant case is not a bankrupt. Inasmuch as Congress has provided for the application of state exemption statutes in bankruptcy proceedings, but has made no such provision applicable to the revenue laws, we may conclude that there was no intention to so apply them in the administration of the revenue laws.

█ The distraint is likewise nonenforceable if the property rights in the policy belong to the wife of the assured as beneficiary, for if, by the law of Pennsylvania, ownership of the policy is in the wife, the policy may not be subjected to the payment of the taxes of the assured. We have been referred to no decisions of the Supreme Court of Pennsylvania which directly rule the question whether a policy such as the one involved in the instant case is the property of the assured or of the beneficiary. The views of the Pennsylvania Supreme Court, as declared in Weil, Appellant, v. Marquis, 256 Pa. 608, 101 A. 70, were that the beneficiary had an inchoate right which ripened into a vested interest upon the death of the assured. In dictum the court indicated that the assured during his lifetime was the real owner of the policy (see, also, Irving Bank, Appellant, v. Alexander et al., 280 Pa. 466, 124 A. 634, 34 A.L.R. 834), and that although the policy was for the benefit of the wife, her rights were contingent upon her survival of the assured without a change of beneficiary having been made and without a lapse of the policy for nonpayment of premiums. In the absence of any decisions by the Pennsylvania courts holding to the contrary, we are of the opinion that the property rights in the policy are in the assured during his lifetime to an extent sufficient to subject those rights to distraint by the government for taxes due it by the assured. Bowers v. Reinhard, supra, is not to the contrary, for our ruling in that case was based solely on the conclusion that the policy in suit was made for the benefit of the wife.

█ The District Court felt constrained, in view of R.S. § 933 (28 U.S.C.A. § 746), to quash the warrant of distraint. We think, however, inasmuch as the collector had instituted summary proceedings for the collection of internal revenue, the statute referring to an attachment of property upon process instituted in a court of the United States does not apply. The collector's process was not instituted in the court below. He was brought into that court through process instituted against him by the appellee. The final paragraph of the statute reads: "Nothing herein contained shall interfere with any priority of the United States in the payment of debts." We think this indicates that the intention of Congress was that state laws should not interfere with the expeditious collection of debts due the United States.

The decree of the District Court is reversed.