## Welch's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

234

236

*Sidney E. Smith* and *William Clayton Jones*, for exceptant.

*Joseph S. Kratz*, contra.

LADNER, J., April 7, 1938.—The facts appear sufficiently in the adjudication so as to obviate the necessity of their restatement. The learned auditing judge ruled that he had no jurisdiction to entertain a claim for surcharge because of the failure of the accountants (decedent's widow and son) to include in their account the proceeds paid them as beneficiaries of certain life insur-

ance policies on decedent's life. The basis of the request for surcharge was that the designation by the decedent of his wife and son as beneficiaries was invalid as a fraud on his creditors. A request for an issue was also declined. These rulings were assigned as error by the exceptions.

We find no merit in the exceptions. Our learned president judge has so satisfactorily vindicated his conclusions by the comprehensive adjudication filed as to leave little to be discussed. To what he has so well said we merely add that, where there arises a substantial dispute of a fact or facts upon which the question of the jurisdiction of this court depends, an issue becomes a matter of right. But where all the facts upon which the question of jurisdiction depends are not in dispute, the question becomes one of law, solely, to be decided in limine, as was done here. Under such circumstances, the award of an issue is not only unnecessary but would be improper.

In this case it was admitted that some of the insurance policies in question designated the wife, and others the son, as beneficiary, this designation being made long before decedent died. Insurance policies stand on a different footing from that of physical properties transferred before death of an insolvent to his family, in fraud of creditors, for it is the policy of the law, even where rights of creditors may be adversely affected, to protect the beneficiaries: Irving Bank v. Alexander et al., 280 Pa. 466.

In a comparatively recent case, Potter Title & Trust Co., Admr., v. Fidelity Trust Co., Trustee, et al., 316 Pa. 316 (1934), the Supreme Court at page 317 laid down the controlling principle as follows:

"The wife and children of every man have an insurable interest in his life, and the law has always looked with favor on life insurance contracts made for their comfort and maintenance. From our earliest cases down to the present day this court has upheld and encouraged such provisions and protected them from claims of creditors: Stutzman, Admr., v. Fidelity Ins. Co., 315 Pa. 47, 49. In addition, the legislature has enacted laws for the protection of the wife and children, as beneficiaries of

life insurance policies, from claims of creditors of the insured (Acts of April 15, 1868, P. L. 103, and June 28, 1923, P. L. 884), and *this benefit inures to them whether the insured was solvent or insolvent, or had reserved the right to change the beneficiary:* Schaeffer's Est., 194 Pa. 420; Irving Bank v. Alexander, 280 Pa. 466."

See also Provident Trust Co. v. Rothman et al., 321 Pa. 177 (1936).

The exceptions are dismissed and the adjudication is confirmed absolutely.