**UNITED STATES of America**

v.

**Frank BUDAK, Irene Budak, Andrew F. Budak, Anthony F. J. Budak, American United Life Ins. Co., Indianapolis Life Insurance Co.**

**Civ. No. 34594.**

United States District Court
N. D. Ohio, E. D.
June 28, 1960.

**698**

Sumner Canary, U. S. Atty., Cleveland, Ohio, for plaintiff.

Theodore T. Macejko, Youngstown, Ohio, Walter H. Maloney, Llewellyn A. Luce, Washington, D. C., for Budaks.

Thomas P. Mulligan, Cleveland, Ohio, for American United Life Ins. Co.

White, Raub & Forrey, Indianapolis, Ind., Manchester, Bennett, Powers & Ullman, Youngstown, Ohio, for Indianapolis Life Ins. Co.

JONES, District Judge.

The United States seeks by this action to enforce tax liens on the cash value of certain policies of insurance on the life of the defendant, Frank Budak, as well as judgment in the full amount plus interest for the balance due of income taxes and penalties assessed during the years 1940 and 1941. The case was submitted on stipulations and briefs.

The defendant Frank Budak contends that the United States has no right to force the surrender of insurance policies during the life of the insured, since such action would destroy the rights of the beneficiaries, citing Stern v. Commissioner, 6 Cir., 1957, 242 F.2d 322. While this position has much in its favor, it is apparently not the law, for in United States v. Bess, 1958, 357 U.S. 51, at page 57, 78 S.Ct. 1054, at page 1058, 2 L.Ed. 2d 1135 it is flatly stated that a tax lien may be enforced against the cash value of an insurance policy during the life of the insured, citing (footnote 2, at page 57, at page 1058 of 78 S.Ct.) Knox v. Great West Life Assurance Co., 6 Cir., 212 F.2d 784; Kyle v. McGuirk, 3 Cir., 82 F.2d 212; and other cases.

The defendant American United Life Insurance Company makes no defense in the action.

The defendant Indianapolis Life Insurance Company takes no position on the basic right of the Government to enforce the tax liens, but does maintain that it is entitled to retain the portion of the cash surrender value that it loaned to the insured after it had received notice of the tax liens. This defendant also claims that the Government is not entitled to increases in the value of the policy after issuance of the levy.

It is my considered judgment that the Government must prevail on all the issues in this case. The question here is not whether the Government may exact a penalty from the insurer for failure to pay the cash value of a life insurance policy to the Government in response to a levy, but whether the insurer has a right to pay a part of such cash value to the insured in disregard of the levy. In my view it is settled that service of levy and distraint effects a seizure of the right of the taxpayer to the loan value of the policy. Kyle v. McGuirk, supra; Cannon v. Nicholas, 10 Cir., 80 F.2d 934. United States v. Bess, supra, holds that the cash value is a fund held by the insurer for the benefit of the insured. Since the Government holds a lien on the right of the insured, it follows that the insurer can pay only to the lienholder.

As to the second assertion, the lien attached to the property; i. e., the cash value of the policy—and the property is subject to the lien regardless of the value of the property.

Accordingly, judgment may be entered for the United States against all the defendants in accordance with the foregoing conclusions. A final order consistent with this opinion may be presented by the United States. This memorandum, together with the stipulation of facts, is considered compliance with Rule 52(a), 28 U.S.C.A.