UNITED STATES of America, Plaintiff,

v.

Elmer WAXMAN, Rae Waxman, Berkshire Life Insurance Company, Defendants.

Civ. A. No. 35867.

United States District Court
N. D. Ohio, E. D.
April 10, 1962.

Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, for the United States.

Saul Eisen, Cleveland, Ohio, for defendant.

CONNELL, Chief Judge.

This is a civil action in which the United States seeks to enforce federal tax liens on a policy of life insurance upon the life of the taxpayer, Elmer Waxman. The beneficiary-assignee and the insurer have been joined and personally served. The Government seeks in addition a judgment for outstanding tax liabilities in the amount of $5,014.95 plus accrued interest. This case was heard on December 6, 1961 at which time the Defendants orally stipulated in the record as to the allegations of the complaint and agreed to submit briefs.

On September 29, 1950, the Commissioner of Internal Revenue made an assessment of a deficiency in income tax for the year 1945, with interest, in the amount of $5,014.95, against the taxpayer-defendant, Elmer Waxman. The assessment list on which this assessment appeared was received by the Collector of Internal Revenue on October 2, 1950. The Collector gave the taxpayer notice of the assessment, demanding payment thereof, on October 4, 1950. Notice of Federal Tax Lien for the assessment was filed with the Recorder of Cuyahoga County, Ohio, on July 6, 1951. No part of the assessment has been paid. Thereafter, on January 21, 1956, taxpayer executed a written gratuitous assignment of his interest in the policy to his wife, Rae Waxman.

██ Under the provisions of Sections 3670 and 3671 of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 3670, 3671, federal tax liens attach to "all property and rights to property" of a delinquent taxpayer as of the date on which the tax assessment list is received by the Collector of Internal Revenue. In United States v. Bess, 357 U.S. 51, 57, 78 S.Ct. 1054, 2 L.Ed.2d 1135, the Supreme Court held that the right of a taxpayer to demand the cash value of a life insurance policy is "property" or "rights to property" to which federal tax liens attach under Section 3670. In the instant case, the tax assessment list was received by the Collector on October 2, 1950, and on that date the taxpayer had the right to demand the cash value of the policy, without consent of the beneficiary. It follows that federal tax liens attached to this right.

On January 21, 1956, almost five years after the assessment list was received and the lien attached, the policy was assigned to Rae Waxman, the beneficiary.

It is clear that whatever rights Rae Waxman may have received by virtue of this assignment, she received subject to the federal tax lien, because as the Supreme Court held in the Bess case, supra, (p. 57, 78 S.Ct. p. 1058):

> The transfer of property subsequent to attachment of the lien does not affect the lien, for "it is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere * * *." Burton v. Smith, 13 Pet. 464, 38 U.S. 464, 10 L.Ed. 248; see Michigan v. United States, 317 U.S. 338, 340, 63 S.Ct. 302, 87 L.Ed.312.

Thus, if the right to the cash value passed to Rae Waxman, it passed with the tax lien already attached.

In the Bess case, the Supreme Court held that even death of the taxpayer-insured and payment of the proceeds of the policy to the beneficiary, did not cut off the federal tax lien on the cash value, but that the beneficiary received the cash value, as part of the proceeds, subject to the federal tax lien. In Knox v. Great West Life Assur. Co., 212 F.2d 784 (C.A. 6th), it was held that the designation of irrevocable beneficiaries after the federal tax lien had attached to the policy did not defeat the lien. In the instant case, the taxpayer had the right to change the beneficiary, without consent of the beneficiary, at all times prior to the assignment. Since the federal tax lien is prior in time to the assignment, it is prior in right. United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520.

In United States v. Bess, supra, the Supreme Court said (p. 57, 78 S.Ct. p. 1058, fn. 2):

> "Once a federal tax lien attaches to the insured's interest, of course, the Government, in a proper action joining the appropriate parties, can enforce the lien in the insured's lifetime and thereby recover the cash surrender value." (Citations omitted.)

The case at bar is a proper action of the kind referred to by the Supreme Court in the above quotation, brought under Section 7403 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7403, in which the Government can enforce its tax lien and thereby recover the cash value of the policy. Pursuant to subsection (b) of that statute, the appropriate parties, that is all parties claiming any interest in the policy— the insured, the insurer, the beneficiary and the assignee—have been joined in the action.

In United States v. Budak, 185 F.Supp. 697 (N.D.Ohio), this Court enforced federal tax liens on the cash value of an insurance policy by ordering the insurer to pay such cash value to the Government, in an action of the same kind as the instant case, despite the fact that such payment of the cash value destroys the rights of the beneficiary in the policy. The beneficiary had no vested interest in the policy at the time that the federal tax lien attached thereto, because the taxpayer-insured had the right to cut off all rights of the beneficiary, without her consent, by changing the beneficiary or demanding the cash value. The federal tax lien attached to this right of the taxpayer-insured. As pointed out above, any vested rights which the beneficiary may have received by reason of the assignment to her after the federal tax had attached, she received subject to the federal tax lien.

Therefore, for the foregoing reasons, judgment shall be entered for the Government, Plaintiff herein.