### HEALY v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Trial Term, Kings County. January 20, 1913.)

INSURANCE (§ 367*)—NONPAYMENT OF PREMIUMS—RIGHTS AFTER DEFAULT—"INSURED."

A life insurance policy entitled insured to a loan on the policy, and also to paid-up insurance for a limited period upon a lapse for nonpayment of premiums; this right being affected by the existence of any debt due the company. It named insured's wife as the beneficiary, and reserved to insured the right to change the beneficiary. Insured applied for and obtained the policy, and, while the premiums were paid by the beneficiary, the insurance company did not know this. The company made a loan to insured on the beneficiary's forged consent thereto. The premiums were not paid, and insured died before the expiration of the period for which he would have been entitled to paid-up insurance, except for the loan. *Held*, that the beneficiary's consent to the loan was unnecessary, the word "insured" in describing the person entitled to a loan from the context clearly meaning the person whose life was insured, who took out the insurance, and who obligated himself to pay the premium, and not the beneficiary, and hence the policy was not in force at the death of insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 935, 938; Dec. Dig. § 367.*

For other definitions, see Words and Phrases, vol. 4, p. 3681.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Johanna Healy against the Prudential Insurance Company of America. Submitted on an agreed statement of facts. Judgment for defendant.

Anthony F. Tuozzo, of Brooklyn, for plaintiff.
Alfred M. Bailey, of New York City, for defendant.

KELLY, J. The plaintiff, the beneficiary named in the policy of insurance issued to her deceased husband, claims, in effect, that the making of a loan upon the policy by the insurance company to her husband without her knowledge and consent was a violation of her rights as beneficiary. The policy lapsed because of nonpayment of premiums in November, 1908, but, having been in existence for five years, the insured was entitled upon such lapse to the issuance of a paid-up policy to be in force for a limited period. This limited period was affected by the existence of any debt owing to the company by the insured. If the loan made by the company was good, then the limited period expired before the death of plaintiff's husband, and she gets nothing. The insurance policy was obtained on the application of the husband, and delivered to him by the defendant. It contained various conditions and privileges, among others, the right of the insured to obtain a loan from the company on the policy after it had been in force for a given time. The method by which the loan was to be obtained was prescribed, involving an application by the insured and an assignment of the policy as security. All this appeared on the face of the policy. The insured also expressly reserved the right at any time to change the beneficiary named in the policy. Such change would involve the surrender of the policy. No provision is made for the actual surrender of the policy in the case of a loan. The plaintiff received the policy from her husband, and retained it in her possession. She paid the premiums out of the money received from him for household expenses up to the time the policy was allowed to lapse in November, 1908. The husband died in 1910. The loan to the husband was made in 1908 shortly before the policy was allowed to lapse.

The husband made the written application for the loan, signed the necessary paper assigning the policy as security, and presented a paper to the company containing the plaintiff's signature, consenting to the loan, although no such consent is required by the terms of the policy. He did not surrender the policy, and, as suggested above, there was no requirement of surrender of the policy in case of a loan.

Plaintiff repudiates her signature to the consent asserting that it is a forgery, and urges that as the beneficiary in possession of the policy the loan made was violative of what she asserts are her vested rights. Granting that she had certain rights as beneficiary, they must be ascertained from the language of the policy. The insurance company on the evidence had no dealings with her personally. Her husband applied for and obtained the policy. While the premiums paid may have come out of her household allowance, there is no evidence that the insurance company knew who paid them, or that she had possession of the policy. It seems to me that the question resolves itself into

whether the husband had the right to obtain the loans, whether she consented or not. It is idle to discuss the meaning of the word "insured" as describing the person entitled to apply for the loan. It clearly means the husband, the person who took out the insurance, whose life was insured, and who obligated himself to pay the premiums. The context shows that the word "insured" was used as relating to the person whose life is insured, not the beneficiary. It will be noted that the policy was payable to the wife, if she survived, and, if not, to the estate of the insured. And, as suggested, the husband had the right, at any time, to change the beneficiary. Therefore I cannot see that her alleged ignorance of the loan, or the fact that she did not consent to it, invalidated the transaction. She only took what the policy gave her, and it was subject to the contingency that her husband might borrow money on it thus lessening the amount payable, or that he might deprive her of all benefit under it. And this without her permission or consent. Suppose her consent had been asked and refused, it appears to me that the agreement between the parties contemplated the right of the husband to demand the loan without the consent of the wife. And in such case her refusal would have been of no avail, because he could have deprived her of all interest in the policy. So far as the failure of the defendant to insist on the surrender of the policy upon making the loan is concerned, it will be remarked in the first place there is no requirement that it be surrendered, and in the case of making a comparatively insignificant loan on the security of the assignment of the policy a different rule might well apply than in the case of full payment. The defendant received from the husband the assignment in writing, apparently consented to by the plaintiff. She must bear the brunt of the forgery, if we were to conclude that the plaintiff's consent was necessary. The defendant dealt solely with the husband. I must find that the loan was valid.

Judgment for the defendant.