## Schuberth, Appellant, *v.* Prudential Insurance Company of America.

*Insurance—Life Insurance policy—Action on policy—"Cash Loan" clause—Extent of vested rights in beneficiary—Terms of contract.*

Under the provisions of a general life insurance policy, where the insured has not reserved the privilege to change the beneficiary, the vested interest is in the beneficiary, but such interest is subject to the terms of the contract.

Where a general life insurance policy has a "Cash Loan" clause—permitting the insured to borrow on the policy, the consent of the beneficiary is not necessary in order for the insured to borrow.

Where the insured does not pay the premiums and neglects to exercise his rights under the agreement, it is not a forfeiture when the company issues in lieu of the policy a paid up term policy, when such an exchange is expressly authorized in the provisions of the insurance contract.

Argued May 4, 1925. Appeal No. 191½, April T., 1925, by plaintiff from order of C. P. Allegheny County, April T., 1924, Docket "A", No. 3057, in the case of Helen L. Schuberth v. Prudential Insurance Company of America. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover on insurance policy. Before FORD, J. Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*Abraham Pervin,* for appellant.—In an ordinary life insurance policy the interest of the beneficiary is vested

where the right to change the beneficiary is not reserved: Herr v. Reinoehl, 209 Pa. 483.

*John H. Scott,* for appellee.—Vested rights reside in the beneficiary, but are subject to the terms of the contract: Smith v. Metropolitan Life Ins. Co., 222 Pa. 226; Eagle v. N. Y. Life Ins. Co., 48 Ind. App. 284, 91 N. E. 814; Morgan v. Prudential Life Ins. Co. of America, 95 So. Rep. 355.

OPINION BY TREXLER, J., July 9, 1925:

In 1902 Andrew H. Schuberth received a policy from defendant company for $1,000 payable at his death to Helen L. Schuberth, beneficiary, if she survived him, otherwise to his legal representatives. Insured did not reserve the privilege of changing the beneficiary. The policy contained a clause, "Cash Loans—If this policy be continued in force, the insured may borrow from the company the amount specified in the following table, by making written application for the loan and assigning the policy to the company as security in accordance with the terms of the company's loan certificate; provided five per cent interest on the whole amount of the loan be paid annually in advance." In 1908 insured applied for a loan of $62 of which neither interest nor principal was ever paid. After paying premiums for eleven and one-quarter years the premium due on May 3, 1913, was not paid. The company then invoked the power given under a clause which provided that if there was a nonpayment of any premium due the insured could surrender the policy to the company and get a paid up life policy but if not surrendered for a paid up life policy then there should be a non-participating paid up term policy for the full amount insured by this policy, any indebtedness to the company to be adjusted in the issuing of such term policy. The company then issued a term policy apparently strictly in compliance

with the method designated in the policy. This term policy was for six years and three hundred and two days and expired February 29, 1920. The insured's death occurred December 12, 1921. The plaintiff's motion for judgment for want of a sufficient affidavit of defense is premised upon the argument that the wife being named as the beneficiary, there being no reserved right to change the beneficiary, her interest was vested and no loan could be made without her consent, and further that the company could not forfeit the policy for nonpayment of loan and interest without demand for payment of the same before such forfeiture.

The appellant has cited a number of cases which clearly show that the beneficiary has a vested interest in the policy unless the power to change is reserved by the terms of the contract for that purpose. The appellee does not dispute this statement and it is well supported by authority, Cooley's Briefs on the Law of Insurance, volume 4, p. 3753. We cannot, however, accede that the interest residing in the beneficiary is so absolutely vested that it cannot be divested. If she had died before her husband her interest would have died with her. If he had failed to keep the policy alive her interest of course would have ceased. Appellant argues that it is useless to say that she has a vested interest if he can borrow money against the policy; that the right to borrow is in reality a right to exhaust the benefits of the policy presently. There is force in this contention but the answer is that the parties had made their contract and the interest in the beneficiary, although vested, is subject to the provisions of the contract. The contract expressly declares that the insured may borrow. The "insured" clearly means the husband, Healey v. Prudential Ins. Co., 140 N. Y. Supp. 506. We certainly cannot construe the policy which specifically provides for the right of the insured to borrow that such borrowing must be with the consent of the

beneficiary. If that was the intent of the parties it should have been so expressed. "The naming of a beneficiary to whom payment is to be made is a gift of a benefit in future, but is contingent on the circumstances. Thus it carries with it no obligation to the beneficiary that the donor will keep the policy alive by continuing to pay the premiums. That is contingent on his doing so voluntarily": Smith v. Metropolitan Life Ins. Co., 222 Pa. 226, 229. The authorities in other states sustain defendant's position. See Eagle v. N. Y. Life Ins. Co., 48 Ind. App. 284, 91 N. E. 814; Morgan v. Prudential Life Insurance Co. of America, 95 S. Rep. 355; Leeker v. Ins. Co., 154 Mo. Appeals 440; Joyce, Law of Insurance, 2d Ed. Vol. 2, sec. 730a, 731; Healey v. Prudential Ins. Co. of America, 140 N. Y. Supp. 505, 49 L. R. A. 741. All of these cases are to the effect that, granting vested rights resides in the beneficiary, such rights are necessarily subject to the terms of the contract, since such rights depend upon the contract. In Morgan v. Prudential Life Ins. Co., supra, where there was a cash loan provided for, the court said: "Thus was the right reserved to the insured named in the policy to borrow money on the sole security of the policy by making application and assigning the policy to the company as security therefor. The consent of the beneficiaries that the insured might borrow on the security of the policies was not given or stipulated when the contract was issued naming them as such beneficiaries. To hold that this provision meant that the insured might borrow money, but only with the consent of the beneficiaries, would in effect, change the very terms of the policy, which are clear, unambiguous and need no interpretation on the point for decision."

As to the question submitted whether the company can forfeit the policy because of nonpayment of a loan and interest without demand for payment of the loan or notice of the forfeiture where the agreement ex-

pressly provides for such demand and notice, we may state that this is apart from the question which is really before us. The loan certificate provides that if "the said loan with the accumulated interest shall become equal to the legal reserve for the said policy, the company may demand immediate payment of said loan, or any part thereof, with all interest accumulated and accrued thereon, and if the same be not paid to the company within thirty days after due notice by mail or otherwise the said policy shall be and become entirely forfeited and void." There was no forfeiture of the policy in this case. The insured agreed to pay the premiums. He neglected so to do. Under the policy, unless he asked within three months of the date of such nonpayment to have a paid up life policy equal to the value of the policy at the time of the default, the company then would issue under the terms of the policy an extension or term policy equal to the value of the policy. In such case it is specifically provided that any loan which remains unpaid shall be deducted in the calculation as to the value of the policy. The clause, above quoted, was not invoked in the present instance, for the loan and accumulated interest did not equal the legal reserve and therefore the company did not demand payment of the loan nor was it required. It was expressly provided in the policy proper that upon failure of paying the premiums, the company, without any action on the part of the insured, would issue in lieu of the policy a paid up term policy to be dated the date on which the premiums had been duly paid.

We, therefore, conclude upon both questions submitted by the appellant that the affidavit of defense discloses a good defense. We think the court properly discharged the rule.

The assignments of error are overruled and the order of court discharging the rule for judgment is affirmed.