Opinion by
 

 Baldbidge,,J.,
 

 Charles Steel died on April 23, 1940, as the result of a self-inflicted gunshot wound. At the time of his death he was a member of the Driver Salesmen’s Union Local No. 463, which had adopted a plan for the payment of sick and death benefits to its members. The by-laws of the union provided for the payment of a death benefit of $1,000 to a designated beneficiary upon the death of a member in good standing. Helen Steel, the plaintiff, is the widow of Charles Steel and was named by him as his beneficiary. Demand was made for the payment of death benefits and was refused. An action of assumpsit was then brought, which resulted in a verdict in favor of the plaintiff. Defendant took this appeal.
 

 The defendant denies the right of recovery because (1) the plaintiff failed to prove that Charles Steel was of unsound mind when he committed suicide, and (2) the executive board determined that suicide was improper conduct and the plaintiff was hound thereby, notwithstanding she was not notified to he present at the meeting of the board.
 

 The testimony relating to the alleged insanity of the deceased was not especially strong. He became ill the latter part of November 1939, and received from the defendant union sick benefits for 13 weeks prior to his death. According to his wife’s testimony, during his illness his disposition, which formerly was cheerful, changed so that two or three weeks prior to his death he became melancholy and depressed; that he had a firm belief that he was suffering from cancer or some other incurable disease. The day before he died “he
 
 *174
 
 had a very glassy look in his eye” and would scarcely speak. The night before he took his life he seemed to turn against everybody and refused to speak to his wife. Aside from whether this testimony was sufficient to establish insanity we think this verdict should stand.
 

 Pertinent sections of the by-laws read as follows:
 

 “Article 56: Upon the death of a member in good standing, benefits will be paid to his or her designated beneficiary ...... upon identification and the production of the death certificate.”
 

 “Article 57: The Executive Board of the Union shall be the sole judge in determining whether or not disability or death is caused by intemperance, improper conduct or by disease contracted prior to joining the Union.”
 

 We are not in disagreement with appellant’s assertion that the plaintiff had no vested right under this certificate issued by this beneficial organization, and we do not understand that the plaintiff so contends. She relies upon the language of article 56, which definitely deals with the rights of a beneficiary, and plainly and unequivocally states that upon the death of a member in good standing, death benefits will be paid to a designated beneficiary upon the production of a death certificate. These essential facts were proved. It will be noted that there is no qualification or limitation denying the right of a beneficiary of a member, who died as a result of suicide, to collect death benefits.
 

 It is reasonable to assume that if the defendant had intended to exclude a beneficiary named in a certificate from recovery in event of the death of a member by self-destruction, it would have said so in unmistakable language. That is the usual practice followed by those issuing certificates or policies of insurance; that was not done. No ambiguity exists in article 56, but in article 57 we find language that is susceptible of different interpretations. Where, as here, the meaning of
 
 *175
 
 one by-law is clear and definite and the other creates a grave donbt as to the intention of those who adopted it, the provisions in the former, if there is a conflict, should prevail. That carries out the policy of the law. It is a well-recognized rule that a by-law - should be construed most strongly against the organization and in favor of the member; that it should not be interpreted to aid in working a forfeiture:
 
 Matura et ux. v. United Soc. of Greek Catholic Religion of U. S. of A.,
 
 128 Pa. Superior Ct. 365, 370, 194 A. 341.
 

 In
 
 Longenberger et al., Admrs., v. Prudential Insurance Company of America,
 
 121 Pa. Superior Ct. 225, 183 A. 422, the insured died ten years after the policy was issued as the result of a self-inflicted gunshot wound, as here. The policy contained a provision that it was incontestable after one year, except for the non-payment of premiums and contained the following stipulation: “Suicide. — If within one year from the date hereof the Insured shall die by suicide — whether sane or insane — the liability of the Company shall not exceed the amount of the premiums paid on this Policy.” President Judge Keller there stated that an insurer may insert in a contract of insurance a valid stipulation that the policy shall be void if the insured shall die by his own hand, but in the absence of such a provision a policy naming the insured’s wife as a beneficiary will not be avoided by the suicide of the insured; that while it may be against public policy to permit the estate of an insured,, when the policy contained no provision respecting suicide, to recover where the insured killed himself, it should not be extended to deprive a beneficiary, guiltless of any act against public morals, of the right to recover. See
 
 Elwood v. New England Mut. Life Ins. Co.,
 
 305 Pa. 505, 513, 158 A. 257.
 

 True, in the Longenberger case, supra, the defendant was an insurance company not a beneficial association,
 
 *176
 
 but that malees no difference. The same general rules of construction apply to these by-laws, which constituted the agreement between the defendant union and a member as to written contracts. The plaintiff in the Longenberger case did not have a vested interest in the policy as the right to change the beneficiary was reserved by the insured:
 
 Knoche, Admr. v. Mutual Life Ins. Co. of New York,
 
 317 Pa. 370, 371, 176 A. 230. The beneficiary in that case, as here, had but a mere expectancy which did not become an absolute right until the death of the insured:
 
 Stockberger v. Maag,
 
 121 Pa. Superior Ct. 216, 224, 183 A. 439.
 

 We recognize that courts have held that in certain instances the burden is on the plaintiff to prove that the insured was not of sound mind when he took his own life, and if insanity is not established suicide bars a recovery in a policy of insurance or a certificate issued by a beneficial association:
 
 Supreme Council of Royal Arcanum v. Wishart,
 
 192 Fed. 453;
 
 Ritter v. Mutual Life Ins. Co.,
 
 169 U. S. 139, 18 Sup. Ct. 300.
 

 In
 
 Northwestern Mutual Life Insurance Company v. Johnson,
 
 254 U. S. 96, the policy, payable to the wife, contained the following provision: “That — ‘if within two years of the date hereof the said insured shall ......While sane or insane, die by his own hand, then in every such case this policy shall be void.’ ” The insured died by his own hand more than two years after the date of the policy. The court held that suicide clauses in a policy of life insurance, which exclude suicide as a defense, will not be deemed as against public policy unless the state concerned adopts a different view. Mr. Justice Holmes, the writer of the opinion, stated, page 100: “This case qualifies the statement in
 
 Ritter v. Mutual L. Ins. Co.,
 
 169 U. S. 139, 154, 42 L. ed. 693, 698, 18 Sup. Ct. Rep. 300, to the effect that insurance on a man’s own life, payable to his estate, and expressly covering suicide committed by him
 
 *177
 
 when sane, would be against public policy. The point decided was only that, when the contract was silent, there was an implied exception of such a death. There was evidence that the insurance was taken out with intent to commit suicide, and it plainly appeared that the act was done by the insured for the purpose of enabling his estate to pay his debts ...... So that all the circumstances gave moral support to the construction of the policy adopted by the court in accordance with the view that has prevailed in some jurisdictions as to the general rule.”
 

 Pennsylvania courts have never, to our knowledge, in the absence of a provision in the by-laws with respect to suicide, denied the right of a beneficiary to recover a death benefit from a beneficial association because the member, while sane, took his own life. The weight of authority supports the rule that in the absence of fraud in procuring insurance with the intention of committing suicide, self-destruction, even by a sane person, will not defeat recovery unless the contracts so provide in express terms, provided third persons are beneficiaries:
 
 Grand Legion Select Knights v. Beaty,
 
 224 Ill. 346, 79 N. E. 565;
 
 Briggs v. Royal Highlanders,
 
 84 Neb. 834, 122 N. W. 69,
 
 Jackson v. Loyal Additional Beneficial Assoc.,
 
 140 Tenn. 495, 205 S. W. 318; Couch on Insurance, Vol. 6, §1262 a, p. 4614.
 

 We are of the opinion that as the by-laws of this defendant contained no express provision prohibiting a recovery in event of a suicide by a sane member, the plaintiff was entitled to a directed verdict.
 

 Little further needs to be said as in our view our disposition of appellant’s first position controls this case.
 

 We, therefore, will make but a brief reference to appellant’s second proposition Avhich is that the plaintiff was barred by reason of the action of the executive board in refusing to pay the death benefits.
 

 
 *178
 
 If we assume that the executive board had authority to refuse to pay this death claim by reason of finding that Charles Steel was guilty of improper conduct, it would seem but fair that the beneficiary should have notice of the meeting and be given an opportunity to present her claim and be heard. The only evidence, apparently, before this board was the death certificate. The plaintiff received no notice of the meeting and was not interviewed by any member of the board, nor did she have an opportunity to be heard, and no witnesses were called to establish the pertinent facts.
 

 Viewing the record in its entirety we are of the opinion that the verdict obtained by the plaintiff should not be disturbed.
 

 Judgment affirmed.