Cerelli *v.* Order of Brotherly Love, Appellant.

Argued October 25, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Frank Carano,* with him *Filindo B. Masino,* for appellant.

*Harry M. Seidenberg,* for appellee.

OPINION BY DITHRICH, J., December 12, 1945:

The widow and beneficiary of Fidele Cerelli, a member of defendant mutual beneficial corporation, brought this action of assumpsit to recover death benefits in the sum of $500. The case was tried upon the issue of whether plaintiff's late husband was a member in good standing at the date of his death. The jury returned a verdict for the plaintiff, and the trial court entered judgment on the verdict, dismissing defendant's motions for a new trial and judgment n. o. v. Defendant appeals.

Cerelli, the decedent, had been a member of defendant order since 1934. The dues were $1.50 per month. In the spring of 1943, he neglected to pay his monthly dues and they fell in arrears for the months of March, April and May. In June, 1943, he was visited by one Adamo Bottini, a member of the sick committee, to whom he gave some money to pay his dues for him. Bottini testified that he paid Cerelli's dues for him at a *special* meeting held during the third week in June. He said that Anna Benedetto, the secretary, collected the money from him, and that another girl, sitting beside her, stamped the payments in the receipt book. The other girl, not identified by Bottini, then wrote in the receipt book with a lead pencil. An examination of the receipt book, one of the plaintiff's exhibits, shows that the date, "June 22" was written in pencil next to the entries for March, April, May and June. Cerelli died on July 23, 1943, the thirty-first day after his dues were allegedly paid.

Article XLIX, Section 2, of the General Laws of defendant corporation and Article XII, Section 1, of the By-Laws of Camp Thomas Jefferson No. 12, the subordinate lodge to which Cerelli belonged, provide that

any member who fails to pay his dues for two calendar months shall be in arrears, suspended, and not entitled to any death benefits. Article XLIX, Section 3, of the General Laws of defendant corporation provides:

"Section 3. A member in arrears, who pays all his arrearages within two months from his automatic suspension, shall be entitled to the Death Benefit, if death occurs after a lapse of at least thirty (30) days from the date of the payment of all his arrearages, provided that the Grand Financial Secretary shall have received the copy of the Collection showing the name of such member and the payment of all his arrearages." Article XII, Section 3, of the By-Laws of Camp Thomas Jefferson No. 12 contains an almost identical provision. The By-Laws further provide, in Article X, Section 1: "Every beneficial and non-beneficial member shall pay to the Camp, at the regular meeting thereof, a certain monthly sum, called dues . . ." And Article II, Section 1, of the By-Laws states: "This camp shall meet in regular meeting: the fourth Monday of each month."

There is no dispute about the facts that the dues were paid and that they were paid during the month of June, 1943. The controversy arose over the date in June on which they were paid. If they were paid at a *special* meeting on June 22, as appellee contends, Cerelli was a member in good standing at the date of his death, July 23, his death having occurred "after a lapse of at least thirty (30) days from the date of the payment of all his arrearages . . ." Appellee's right to death benefits depends upon whether her late husband was a member in good standing. If the dues were paid at the *regular* meeting on June 28, the fourth Monday in June, as appellant contends, his beneficiary is not entitled to death benefits under the provisions of Section 3 of the General Laws and By-Laws.

Whether the arrearages were paid on June 22 or June 28 was a question of fact. Both sides offered evidence and the jury found in favor of the appellee. There

is ample evidence to support this verdict. Appellant contends that the date "June 22" marked in the receipt book was an alteration and argues that the testimony of the plaintiff which was offered to disprove the alteration was wholly inadequate. But the plaintiff adduced other evidence in addition to the receipt book. There was the testimony of Bottini who testified that he paid the dues at the special meeting held in June although he could not remember the exact date.

Appellant contends that the subordinate lodge had no authority to collect dues at a special meeting and thereby waive the provisions of Article X, Section 1, of the By-Laws of the parent association. This section provides for collection of dues at regular meetings. The record, however, clearly establishes that dues were paid at special meetings and that this practice was customary and not unusual. Dues were made payable at the regular meetings merely as a matter of convenience. There is no sound reason why this provision cannot be liberally construed in order to permit members to pay dues at special meetings. No substantial right of the association is affected by a deviation from the regular time for payment. The purpose of this section is to provide a time and a place for the collection of dues to suit the convenience of both the association and its members. It was not meant to restrict the payment of dues to an exact date each month. The subordinate lodge, therefore, had authority to collect dues at a special meeting. Such collection of dues did not constitute a waiver of the by-law because it did not violate any provision made for the protection of the association. To put upon this by-law the strict construction for which the appellant contends would be unreasonable and unjust and work a great hardship upon members who have paid their dues at special meetings. "It is a well-recognized rule that a by-law should be construed most strongly against the organization and in favor of the member; that it should not be interpreted to aid in working a forfeiture: *Matura et ux. v. United*

*Soc. of Greek Catholic Religion of U. S. of A.,* 128 Pa. Superior Ct. 365, 370, 194 A. 341:" *Steel v. Driver Salesmen's Union Local No. 463,* 147 Pa. Superior Ct. 172, 175, 24 A. 2d 20.

The judgment is affirmed.