## Wallitsch v. Allentown Firemen's Relief Association

*Ernest F. Ritter*, for plaintiff.

*George H. Sacks*, for defendant.

KOCH, J., April 22, 1957.—Plaintiff is employed by the Fire Department of the City of Allentown and is a member of the Allentown Firemen's Relief Association, a nonprofit corporation, having as one of its objects the payment of benefits for injury or sickness arising out of the performance of public fire duty.

The agreed statement of facts and complaint indicate that on August 22, 1955, at about 10 p.m., while plaintiff was on duty at the Liberty Fire Company, he was ordered by an assistant fire chief to proceed to the vicinity of Adams Island which is situate in the

Lehigh River. Because flood waters had forced occupants of the cottages on the island to seek refuge on roof tops, plaintiff and other firemen were designated by their superiors to aid in rescue work. While plaintiff was engaged in this rescue work, he came in contact with poison ivy plants and was thereafter incapacitated as a result of ivy poisoning for a period of eight days.

Plaintiff made application to defendant corporation for benefits under article IV of its constitution and bylaws which is as follows:

"Sec. 1. Any member who shall suffer permanent injury or chronic illness by reason of accident or exposure while on public fire duty and which shall prevent him from following his usual occupation, or other employment whereby he can earn a livelihood, shall receive the sum of Twenty-five ($25.00) Dollars per month during the continuance of such injury or illness.

"Sec. 2. Any member who shall be injured while on public fire duty, upon application and recommendation of the Relief Committee, shall receive the sum of Four ($4.00) Dollars per day for the period of his incapacitation, not to exceed twenty weeks."

Upon the refusal of defendant corporation to meet the demand for payment of the benefit amounting to $32, this action in assumpsit was instituted. Because of the fact that other firemen were similarly incapacitated, we have consented to dispose of the questions raised without the necessity of hearing the matter on appeal after decision by a board of arbitration which ordinarily would dispose of the case since the sum involved is under $1,000.

There are two questions presented to us: (1) Does ivy poisoning constitute such an injury, or illness, within the meaning of the constitution and bylaws of the Allentown Firemen's Relief Association as to entitle him to benefits? (2) Was plaintiff engaged in

public fire duty as contemplated by defendant's constitution and bylaws?

It is to be noted that even though the first question contains the words, "or illness", plaintiff did not regard his claim as within the purview of section 1, art. IV. This is readily understandable for the reason that this section is intended to provide for injuries and illnesses of a permanent nature and also allows only $25 per month during the continuance of such illness or injury. Consequently, this portion of our inquiry is limited to the determination whether plaintiff was "injured". Both at oral argument and in the briefs of counsel, the consideration revolves about the matter of injuries and neither party refers to "chronic illness" in section 1.

Defendant maintains that we are obliged to accept the literal definition of the word "injury" as set forth in The Workmen's Compensation Act of June 2, 1915, P. L. 736, art. III, sec. 301 (c), as amended, 77 PS §411, which is as follows: "The terms 'injury' and 'personal injury', as used in this act, shall be construed to mean only violence to the physical structure of the body, and such disease or infection as naturally results therefrom." However, the courts have placed a broad interpretation on this term. For example, in Bowers v. Susquehanna Collieries Co., 38 Dauph. 229, claimant contracted oak poisoning while handling timber and the court held that an award of compensation should be affirmed. See also Baddorf v. City of Harrisburg, 65 Dauph. 86.

In allowing a pension to the widow of a police officer who died of pneumonia contracted while making a trip in the course of his duties, the court in State ex rel. McManus v. Board of Trustees of Policemen's Pension Fund, 138 Wis. 133, 119 N. W. 806, held that the word "injury", as used in the statute permitting pensions where death resulted from an "injury re-

ceived while in the line of his duty", was broad enough to include any hurtful or damaging effect such as a disease contracted in the line of duty, and rejected defendant's contention that it should be limited to the results of external violence. The court reached this conclusion despite the fact that the words, "or any disease contracted by reason of his occupation", which had been included in an earlier pension statute, had been eliminated in the present statute, stating that, while the change doubtles was of "some significance", it still appeared that the injury described in the statute was intended to include the inoculation with or contraction of disease.

We must also bear in mind that workmen's compensation laws were enacted to counteract the social and economic consequences of accidental injuries suffered by employes in industry. Beneficial associations do not have as their underlying purpose to indemnify or to secure against loss; they are designed to accumulate a fund from the contributions for beneficial or protective purposes to be used in their own aid or relief in the misfortunes of sickness, injury or death: Commonwealth v. Equitable Beneficial Association, 137 Pa. 412.

The case of Vernon v. Firemen's Pension Fund, 160 Pa. Superior Ct. 617, held that the charter and bylaws of a beneficial association should be construed most strongly against the association and in favor of plaintiff and cited Cerelli v. Order of Brotherly Love, 158 Pa. Superior Ct. 319, as precedent for this view. See also Reber v. Wilkes-Barre Firemen's Relief and Pension Association, 179 Pa. Superior Ct. 97. In the Vernon case the court placed a broad interpretation on the meaning of the word "killed" in the bylaws and construed it to cover a situation where a fireman collapsed and died while fighting a brush fire and the stipulation of record indicated that death was caused

"from heart failure due to his exertions at the fire and the *conditions at the fire under which he was working*".

We are convinced that the word "injury" must be liberally defined and that we can readily accept Webster's New International Dictionary, 2nd Edition, as authority for plaintiff's position: "Damage or hurt done to or suffered by a person or thing; . . ."

We conclude, therefore, that plaintiff was injured within the meaning of the constitution and bylaws.

Defendant maintains that even if plaintiff was injured within the meaning of article IV, sec. 2, he was not at the time engaged in public fire duty.

It is well known that the fire departments of our municipalities have frequently been called upon to perform functions beyond the extinguishing of fires. Not only is the equipment designed to meet other emergencies, but the personnel is trained in a variety of rescue work. It would have been grossly unrealistic in the emergency arising from the flood waters of August 1955, if the members of the Allentown Fire Department would not have responded to the call to protect the citizens of the community and rescue people marooned on cottage roof tops on an island which was completely inundated. An important feature of the case before us is that plaintiff and his associates were on regular duty at their station when the assignment came to assist in the rescue work at Adams Island and their subsequent efforts were the result of orders rather than choice.

Our research has revealed no case defining the term "public fire duty". However, because of the underlying principle that the constitution and bylaws must be interpreted liberally, we are of the opinion that plaintiff was engaged in public fire duty when he contracted ivy poisoning. We arrive at this conclusion on the basis that the situation actually is one wherein a *public duty was performed by a fireman.*

Were we to hold the contrary, each fireman who is a member of defendant corporation would be faced with the decision as to whether a specific call to duty by his superior was or was not an order to extinguish a fire. Response to public emergency by firemen must be speedy and little time should be consumed by inquiring into the facts of the emergency.

Under the stipulated facts and applicable law, plaintiff is entitled to recover.

### Order

And now, April 22, 1957, the court finds for plaintiff and judgment may be entered for plaintiff, Robert W. Wallitsch, and against defendant, Allentown Firemen's Relief Association, in the sum of $32 and costs.