J-A17027-20

2020 PA Super 284

| | | |
|---|---|---|
| JOHANNA L. GOODWIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT M. GOODWIN | : | |
| | : | |
| Appellant | : | No. 2338 EDA 2019 |

Appeal from the Order Entered July 22, 2019
In the Court of Common Pleas of Bucks County Family Division at
No(s):  2008-63956-DQRY

BEFORE:  BOWES, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

CONCURRING & DISSENTING OPINION BY McCAFFERY, J.:

**FILED DECEMBER 14, 2020**

Respectfully, I would reverse the trial court's finding that Son's life insurance proceeds were a "gift," and thus excluded from the marital estate, within the meaning of Section 3501 of the Pennsylvania Divorce Code.[1]  In light of this disposition, I would remand for the trial court to reconsider the overall distribution scheme.  However, I agree with the learned Majority's denial of relief on Husband's claim that the trial court failed to properly consider the Section 3502 factors for dividing marital property.  Accordingly, I concur and dissent.

_____

[1] 23 Pa.C.S. §§ 3101-3904.

Husband's first claim on appeal is that the trial court erred in finding Son's life insurance proceeds[2] were marital property pursuant to Section 3501. For ease of review, I first set forth the Divorce Code's definition of "marital property:"

> **(a) General rule.**—As used in this chapter, "marital property" means all property acquired by either party during the marriage . . . . However, marital property does not include:
>
> \* \* \*
>
> (3) Property acquired by gift, except between spouses, bequest, devise or descent or property acquired in exchange for such property.
>
> \* \* \*
>
> **(b) Presumption.**—All real or personal property acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (a).

*See* 23 Pa.C.S. § 3501(a)(3), (b).

I also consider the trial court's discussion:

> [T]he life insurance proceeds Wife received following her son's passing are not a bequest, devise, descent or any other form of inheritance from [a] decedent. [I]t is well established that the assignation of an individual as a life insurance beneficiary is a mere expectancy. ***Knoche v. Mutual Life Inc. Co.***, [176 A. 230, 230-31 (Pa. 1934)].

---

[2] I separately consider Husband's claim as to Son's **IRA** proceeds ***infra***.

It is clear that the naming of a beneficiary on a life insurance policy vests nothing in that person during the lifetime of the insured[;] thus the funds were never in the possession of the insured, [Son]. As a result, he cannot have given them as a gift to his mother. As the funds were never in the possession of [Son's] estate, they cannot have been a testamentary gift either.

Rather, **Wife possesses the funds from her son's life insurance polic[ies] because he assigned the expectancy of those insurance contracts** specifically to her alone. **He did this as a gift** — voluntarily, "without consideration or compensation as an incentive or motive for the transaction." *Bundy v. Wetzel*, 184 A.3d 551, 556 (Pa. 2018). During her son's life, Wife had no legally protectable interest against him extinguishing this expectancy in favor of another, because an expectancy is the chance to obtain property from a living person and not in itself property. *Braman Estate*, [258 A.2d 492, 493 n.3 (Pa. 1969)]. . . .

Trial Ct. Op. at 5-6 (emphases added).

On appeal, Husband asserts that under Section 6108(a) of the Probate, Estates and Fiduciaries Code (PEC Code), the trial court properly found Son's life insurance and IRA proceeds were not a "bequest, devise, or descent" pursuant to Subsection 3501(a)(3). Husband's Brief at 30, 32, *citing* 20 Pa.C.S.A. § 6108(a) (the designation of a life insurance beneficiary is not testamentary and shall not be subject to any law governing the transfer of property by will); *Henderson Estate*, 149 A.2d 892, 894-95 (Pa. 1959) (life insurance proceeds are not testamentary conveyances). Husband reasons that under these same principles, the trial court should have found the life insurance and IRA proceeds were likewise not "gifts" under Section 3501(a)(3), and thus should have excluded them from the marital estate. Husband's Brief at 39, *citing* Trial Ct. Op. at 5. Husband contends the court

instead improperly "created a new exception" and "a legal fiction," as "there is no such thing as [an] insured making an 'assignment of an expectancy as a gift.'" Husband's Brief at 23-24. "A mere expectancy is not an asset" that can be delivered as a gift. *Id.* at 40-41. The court's attempt to label the naming of a beneficiary as "an assignment of an expectancy" and a "gift" do "not change the nature of the transaction." *Id.* at 45, 51. For the following reasons, I conclude relief is due.

First, I agree with the Majority there is scant Pennsylvania law addressing the situation at bar. *See* Majority Op. at 9-10. I would begin review by examining the statutory language of Section 3501, as well as Section 6108(a) of the PEC Code. This Court has stated:

> In interpreting a statute, this Court must "ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). To do so, we begin by considering the plain meaning of the statute's language. If the statute's plain language is unambiguous, we must apply it without employing familiar canons of construction and without considering legislative intent.

*Dubose v. Quinlan*, 173 A.3d 634, 643 (Pa. 2017) (some citations and footnote omitted).

As Son died while the parties were married, his life insurance and IRA proceeds were presumed to be "marital property" pursuant to Section 3501(b), and to establish otherwise, Wife bore the burden of showing the proceeds were acquired by a method set forth in Subsection (a). *See* 23 Pa.C.S. § 3501(a), (b). As stated above, Section 3501(a) excludes the

following from marital property: "[p]roperty acquired by gift, . . . bequest, devise or descent or property acquired in exchange for such property." 23 Pa.C.S. § 3501(a)(3). However, as Husband points out, the Divorce Code does not define the terms "bequest," "devise," or "descent." **See** Husband's Brief at 29-30. The Statutory Construction Act of 1972 provides these definitions:[3]

"Bequest." — Includes devise and legacy.

\* \* \*

"Devise." —Includes . . . bequest and legacy when used as a noun.

\* \* \*

"Legacy." —Includes devise and bequest.

1 Pa.C.S. § 1991 (definitions); **see** Husband's Brief at 29-30. The Merriam-Webster dictionary defines "descent," in part, as "transmission or devolution of an estate by inheritance usually in the descending line." https://www.merriam-webster.com/dictionary/descent.

Section 6108(a) of the PEC provides: "The designation of beneficiaries of life insurance . . . shall not be considered testamentary and shall not be

---

[3] Section 1991 prefaces the definitions with the provision: "The following words and phrases, when used in any statute finally enacted on or after September 1, 1937, unless the context clearly indicates otherwise, shall have the meanings given to them in this section[.]" 1 Pa.C.S. § 1991.

subject to any law governing the transfer of property by will." 20 Pa.C.S. § 6108(a). This Court has stated:

> It is clear that the naming of a beneficiary on a life insurance policy vests nothing in that person during the lifetime of the insured; the beneficiary has but a mere expectancy. Furthermore, the naming of a beneficiary on a life insurance policy is *sui generis*; it is not a conveyance of the insured's assets.

***Lindsey v. Lindsey***, 492 A.2d 396, 398 (Pa. Super. 1985) (citations omitted).

***See also*** Trial Ct. Op. at 5, *citing* **Knoche**, 176 A. at 230-31 ("Where the right to change the beneficiary has been reserved in a life insurance policy, the beneficiary named has but a mere expectancy with no vested right or interest during the lifetime of the insured.").

First, I agree with the trial court that Son's life insurance proceeds were not testamentary bequests, devises, or descents. **See** 20 Pa.C.S. § 6108(a). I further agree that the life insurance proceeds themselves were not a "gift," for the reasons cited by the trial court: Son could not have gifted the proceeds to anyone because "the funds were never in [his] possession." **See** Trial Ct. Op. at 5.

Pursuant to the same legal authority, however, I disagree with the trial court's conclusion that Son's **naming** his mother as the beneficiary was a "gift" pursuant to Subsection 3501(a)(3). **See Knoche**, 176 A. at 230-31; **Lindsey**, 492 A.2d at 398. I would conclude that where "the naming of a beneficiary on a life insurance policy . . . is not a conveyance of the insured's assets," the naming of a beneficiary similarly cannot be a "gift" given by the

insured to the beneficiary. *See Lindsey*, 492 A.2d at 398. Likewise, where the beneficiary "has but a mere expectancy," she cannot have received a "gift." *See Knoche*, 176 A. at 230-31.

I would thus conclude Husband's first claim may be resolved by applying the plain meaning of Section 3501 of the Divorce Code and Section 6108(a) of the PEC. The plain language of Section 3501 and Section 6108(a) is clear. As our statutes resolve this issue, I would not, as the Majority does, consider how our sister states have resolved similar claims. Any exception or accommodation in the statute must come from our legislature, and not by this Court's selective modification of how the statute should apply in certain circumstances.

While I appreciate the trial court's proper consideration of the particular circumstances presented in this matter, as well as its endeavor to fashion an overall equitable distribution scheme, for the foregoing reasons I would reverse the trial court's finding that, under Section 3501, Son's life insurance proceeds were a "gift" to Wife and thus excludable from the marital estate. *See Hess v. Hess*, 212 A.3d 520, 523 (Pa. Super. 2019) (citations omitted); *Lindsey*, 492 A.2d at 398. I would remand for the trial court to enter an amended equitable distribution order.

Having addressed Husband's claims as to Son's **life insurance** proceeds, I briefly address his arguments concerning Son's **IRA** proceeds. The Majority addresses these proceeds together with the life insurance

proceeds, and similarly concludes they were a "gift," excludable from the marital estate, under Section 3501(a)(3). **See** Majority Op. at 8, 14. I note, however, that while Husband avers Wife was the named beneficiary on this IRA account, the trial court articulated no such finding. **See** Husband's Brief at 13-14, 16. Instead, the court simply stated that Wife "received [these] funds from [Son's] estate." Trial Ct. Op. at 2; Order, 7/22/19, at 4. I would thus direct the trial court to also determine whether Son's IRA proceeds, "or property acquired in exchange for" these proceeds, were marital property pursuant to Section 3501.[4] **See** 23 Pa.C.S. § 3501(a).

In his second issue, Husband avers the trial court erred in failing to designate "a percentage to the equitable distribution scheme in its [July 22, 2019,] order," as required by 23 Pa.C.S. § 3506. Husband's Brief at 55. The Majority denies relief on this claim, pointing out the trial court specified the equitable distribution scheme in its Pa.R.A.P. 1925(a) opinion. Maj. Op. at 14. The Majority further construes Husband's issue as "less a claim the distribution scheme was unclear and more a claim Husband disagrees with the treatment of the marital debt." **Id.** at 15. I agree with the Majority's discussion that "[t]he trial court clearly concluded the debts were marital in nature, notwithstanding Wife's decision to pay them 'with her separate

---

[4] I note Husband presents no challenge to the trial court's disposition of Son's four Bank of America accounts.

money.'" *Id.* at 16. Nevertheless, I would grant relief on different grounds: because Son's life insurance proceeds comprise a significant marital asset, I would remand for the trial court to reconsider the overall distribution scheme.

Lastly, I agree with the Majority's denial of relief on Husband's final issue — that the trial court abused its discretion and erred in failing to consider some factors, and changing the meaning of other factors, under 23 Pa.C.S. § 3502(a). *See* Husband's Brief at 61. I join that part of the Majority's opinion. *See* Majority Op. at 17-23.

For the foregoing reasons, I respectfully concur and dissent with the Majority's opinion.